IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN DENHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-284 |
| | ) | |
| DEPUTY CARTER; DEPUTY RIVERS; | ) | |
| DEPUTY JOHNSON; SGT. FERN; and | ) | |
| JOHN DOES, | ) | |
| | ) | |
| Defendants.[1] | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, formerly detained at Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro* se and had been granted leave to proceed *in forma pauperis* ("IFP") prior to his release from jail. (Doc. no. 3.) Upon his release, the Court revoked permission to proceed IFP based on his status as a prisoner plaintiff. (Doc. no. 12.)

On February 17, 2026 the Court directed Plaintiff to submit the $405.00 filing fee or a new motion to proceed IFP if he wished to pursue the above-captioned case. (Id. at 2.) The Court warned Plaintiff that failure to comply with the terms of the February 17th Order within twenty-one days would result in a recommendation to the presiding District Judge for dismissal

---

[1]The Court **DIRECTS** the **CLERK** to update the spelling of the titles of Defendants in accordance with the above caption.

of this case without prejudice. (Id.) Plaintiff did not respond to the Court's Order by submitting a new IFP motion, paying the filing fee, or providing any explanation why he could not comply with the Court's prior Order. Indeed, he has not communicated with the Court in any way.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to submit a new IFP motion, pay the filing fee, or communicate with the Court in any way amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also specifically cautioned Plaintiff that failing to respond would result in a recommendation

for dismissal of his case, without prejudice.  (See doc. no. 12, p. 2.)  Furthermore, the Court finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff was previously proceeding IFP and has already chosen not to pay the filing fee necessary to continue his case in District Court.  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA